UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEBRA EVANS, Pro Se, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CV-422-TAV-HBG |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil matter is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton on August 25, 2015 [Doc. 18]. In the R&R, Magistrate Judge Guyton recommends that the Court enter an order dismissing plaintiff's complaint [Doc. 1] for failure to prosecute, but left it to this Court's discretion as to whether the complaint should be dismissed with or without prejudice. There have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a claim may be involuntarily dismissed "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order," and that such a dismissal will operate as an adjudication on the merits. Fed. R. Civ. P. 41(b). While Rule 41(b) includes language that appears to require a motion by the defendants, the Supreme Court has held that district courts have "inherent

power to dismiss a case *sua sponte* for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–32 (1962)); *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980). By inference, a district court may *sua sponte* dismiss a case with prejudice for failure to prosecute. The Sixth Circuit, however, has warned that such a dismissal is a "harsh sanction" that should only be ordered in situations showing "a clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161 (quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978)).

Additionally, Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, as assimilated into Rule 16(f), enables the Court to dismiss an action for failing to obey one such order. Fed. R. Civ. P. 37(b)(2)(A)(v); *see, e.g.*, *Brown v. Colvin*, No. 3:13-CV-0799, 2014 WL 4628519, at *1 (M.D. Tenn. Sept. 15, 2014).

After a careful review of the matter, the Court is in agreement with Magistrate Judge Guyton's recommendations, which the Court adopts and incorporates into its ruling. Plaintiff has established a clear record of delay by not filing a dispositive motion in the past five months, despite the Court granting plaintiff a ninety day extension of time to do so. Accordingly, the Court will **ACCEPT IN WHOLE** the R&R and will **DISMISS** this action [Doc. 18].

Regarding whether to dismiss with or without prejudice, upon review of the record and relevant case law and due to plaintiff's failure to object to the R&R, the Court finds plaintiff's complaint [Doc. 1] should be dismissed with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. In the alternative, the Court finds plaintiff's complaint should be dismissed with prejudice under Rule 37(b)(2)(A)(v) and Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure, for failing to obey the Court's Briefing Scheduling [Doc. 12].

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE